**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN DeRAFFELE,** : | |
|     **Plaintiff** : | **CIVIL ACTION NO. 3:16-2042** |
| : |     **(JUDGE MANNION)** |
| **v.** : | |
| **CITY OF HAZLETON,** : | |
| **NORTHEAST REVENUE SERVICE** | |
| **LLC, and CASTILLO MIOZOTY,** : | |
|     **Defendants** : | |

## MEMORANDUM

**I.  BACKGROUND**

On October 11, 2016, plaintiff John DeRaffele filed *pro se* a complaint and request for injunction challenging a recent tax sale held on September 20, 2016 of his investment real property located at 651 Carson Street, Hazleton, Luzerne County, Pennsylvania. (Doc. 2). Plaintiff also filed a complaint for violation of civil rights.[1] (Doc. 1). Plaintiff paid the filing fee. Plaintiff seeks this federal court to issue an emergency injunction to stop the transfer of the deed for his Carson Street property by defendants City of Hazleton and Northeast Revenue Service LLC to defendant Castillo Miozoty,[2]

---

[1]Both complaints raise essentially the same allegations and seek the same relief. As such, the Doc.1 filing shall be deemed as the complaint and the Doc. 2 filing shall be deemed as the emergency injunction motion. The clerk of court was directed to reflect this distinction on the docket.

[2]It does not appear that defendant Castillo Miozoty is a state actor. Plaintiff's constitutional claims asserted under 42 U.S.C. §1983 can only be raised against state actors. *See* Cahill ex rel. L.C. v. Live Nation, 512
(continued...)

the purported purchaser of the property at the tax sale, alleging that he did not receive proper notice of the taxes when they became due, of the taxes that became delinquent and of the tax sale. He states that he did not receive notice since the Luzerne County Tax Assessor gave the incorrect address of his property to the county tax claim bureau. Plaintiff further alleges that the tax sale was invalid since the tax claim bureau's notice of public tax sale contained the wrong address with respect to whom the property was assessed, i.e., "Caroson" Street as opposed to Carson Street, as reflected in his Exhibit I, Doc. 2. Plaintiff alleges that his constitutional rights under the Fourth and Fourteenth Amendments were violated by the taking his property without due process.[3]

Upon review of the complaint, the motion and the materials attached to them, the court will **DENY** the emergency injunction motion and **DISMISS** this action for lack of subject matter jurisdiction pursuant to the Tax Injunction Act ("TIA"), 28 U.S.C. §1341.

---

[2](...continued)
Fed.Appx. 227 (3d Cir. 2013) ("A private entity, [], is only liable under §1983 if it 'may fairly be said to be a state actor.'") (citation omitted).

[3]"The seizure of property implicates two explicit textual sources of constitutional protection, the Fourth Amendment and the Fifth." U.S. v. James Daniel Good Real Prop., 510 U.S. 43, 50, 114 S.Ct. 492 (1993) (the court noted that the Fourth Amendment applied to the seizure of a four-acre parcel of land with a house); Soldal v. Cook County, Illinois, 506 U.S. 56, 70, 113 S.Ct. 538 (1992) (court held that a "seizure ... occurs when 'there is some meaningful interference with an individual's possessory interests in that property'"). Plaintiff's claims under the Fourth Amendment are applicable to the actions of the state via the Fourteenth Amendment.

## II.   DISCUSSION

As mentioned, plaintiff seeks injunctive relief in the form of an order barring the transfer of the deed to his Carson Street property to Miozoty. Injunctions may issue in only exceptional and extraordinary circumstances. Parent v. Whinston, 347 F. Supp. 471, 472 (E.D. Pa. 1972) (citing Miller v. Standard Nut Margarin Co., 284 U.S. 498 (1932)). The grant or denial of a motion for injunctive relief is within the sound discretion of the district judge. Kershner v. Mazurkiewicz, 670 F.2d 440, 443 (3d Cir. 1982) (citing Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc., 630 F.2d 120, 136 (3d Cir. 1978), *cert. denied*, 449 U.S. 1014 (1980). Injunctive relief is not granted as a matter of right. Id.

In order to obtain injunctive relief, the moving party must demonstrate: (1) the likelihood of success on the merits; (2) that the party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief. Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987); In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." Arthur Treacher's, 689 F.2d at 1143.

The court finds that plaintiff has not shown a likelihood of success on the merits since he has adequate state court remedies to challenge the

September 20, 2016 tax sale and seek to upset the sale.[4] In fact, plaintiff can file Objections/Exceptions to the Tax Sale of his property by defendants with the Luzerne County Court of Common Pleas and request this state court to hold a hearing on his Objections. *See* Agarwal v. Schuylkill County Tax Claim Bureau, 2010 WL 5175021 (M.D.Pa. July 27, 2010), adopted by 2010 WL 5175003 (M.D.Pa. Dec. 15, 2010), aff'd by 442 Fed.Appx. 733 (3d Cir. 2011); Dommel Properties, LLC v. Jonestown Bank and Trust Co., 2013 WL 1149265 (M.D.Pa. March 19, 2013) ("the only issues that are cognizable on exceptions or objections to a tax sale are whether the [City] complied with the procedures required by statute."). Plaintiff can appeal any decision by the county court with respect to his exceptions or objections to the Pennsylvania Commonwealth Court.

Since plaintiff has available state remedies to challenge the tax sale of his property by filing objections or exceptions to the tax sale in the Luzerne County Court and requesting a hearing, he fails to state a Fourth Amendment due process claim at this time. *See* Reisinger v. Luzerne County, 712

---

[4]Pennsylvania law allows a city to expose a tax delinquent property to a tax sale. *See* 53 P.S. §7283(a). In Dommel Properties, 2013 WL 1149265, *7, the court stated:
> Pennsylvania law sets forth a scheme by which real estate tax sales may be held to satisfy delinquent tax debts. *See generally* 72 [Pa.C.S.] §5860.101 *et seq*. Pennsylvania law requires that tax claim bureaus must, within 30 days of sale, give notice to owners that the property was sold, and that the owner "may file objections or exceptions with the court relating to the regularity and procedures followed during the sale" within 30 days after the court has made a confirmation nisi of the tax claim bureau's consolidated return. §5960.607(a.1)(1).

F.Supp.2d 332 (M.D.Pa. 2010), aff'd 438 Fed.Appx. 190 (3d Cir. 2011) (Third Circuit held that the Due Process Clause "required nothing more" than the plaintiff "receiv[ing] notice of the tax-sale proceeding and was afforded a meaningful opportunity to be heard by an impartial decisionmaker (a state-court judge)."); Agarwal, 2010 WL 5175021, *16. Plaintiff does not state that he has even attempted to utilize the remedies he has available to him in state court. Nor does plaintiff state a cognizable constitutional claim against defendant City of Hazleton in accordance with Monell v. New York Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018 (1978).

Additionally, plaintiff has not shown immediate irreparable harm since monetary damages would be more than adequate to compensate him if, for some reason, the tax sale was not invalidated. Indeed, plaintiff admits that the Carson Street property is worth $80,000 and, in his complaint, he simply states that he will suffer irreparable injury since "[he is] not willing to wait for monetary damages at a later time." (Doc. 2 at 6).

Thus, plaintiff's motion for an emergency injunction, (Doc. 2), will be **DENIED**.

The court also finds it lacks subject matter jurisdiction over plaintiff's complaint that is filed pursuant to 28 U.S.C. §1331. The court can raise *sua sponte* subject matter jurisdiction issues. *See* Nesbit v. Gears Unlimited, Inc. 347 F.3d 72, 77 (3d Cir. 2003). Plaintiff's claims clearly relate to the real estate taxes assessed on his property located in Hazleton, Luzerne County, Pennsylvania, and to the September 20, 2016 tax sale of his Carson Street

property. To the extent plaintiff is challenging the Luzerne County Tax Claim Bureau's method of sending out tax notices and scheduling public tax sales, and is claiming that he did not receive all the notice rights afforded to him under Pennsylvania law, namely 72 P.S. §5860.602, the TIA deprives this federal court of subject matter jurisdiction. Agarwal, 2010 WL 5175021, *13 (citing Gass v. County of Allegheny, PA., 371 F.3d 134, 136 (3d Cir. 2004); Scott v. Gehris, 2016 WL 795824 (M.D.Pa. March 1, 2016); Scott v. McCarthy, 2016 WL 864132 (M.D.Pa. March 7, 2016).

In Gass v. County of Allegheny, PA, 371 F.3d 134, 136 (3d Cir. 2004), the Third Circuit stated:

> The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. §1341. Although the express language of the Tax Injunction Act only refers to injunctive actions, the Supreme Court has held that the Tax Injunction Act also prohibits federal courts from issuing declaratory judgments holding state tax laws unconstitutional. California v. Grace Brethren Church, 457 U.S. 393, 408, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982).

The TIA applies to plaintiff's case. *See* Dommel Properties, LLC v. Jonestown Bank and Trust Co., 2013 WL 1149265, *7; Agarwal v. Schuykill County Tax Claim Bureau, 2010 WL 5175021, *13–*14 (M.D.Pa. July 27, 2010), adopted by 2010 WL 5175003 (M.D.Pa. Dec.15, 2010), affirmed by 442 Fed.Appx. 733 (3d Cir. 2011). "Because the TIA applies to [plaintiff's] suit, this court lacks jurisdiction to hear [his] claims against the county Defendants if the available state remedies are 'plain, speedy and efficient.'" Dommel Properties, 2013 WL 1149265, *7 (citations omitted). "The Tax Injunction Act

divests federal courts of jurisdiction only if the state fails to provide a 'plain, speedy and efficient' remedy in its court." Gass, 371 F.3d at 137. The Third Circuit construes narrowly the "plain, speedy and efficient" exception to the Tax Injunction Act. Id. Also, the Third Circuit has held that "Pennsylvania provides a 'plain, adequate and complete' remedy for §1983 Plaintiffs challenging state taxation policies." Id. at 138 (quoting Balazik v. County of Dauphin, 44 F.3d 209 (3d Cir. 1995)).

The Court in *Gass* stated, "[t]he Tax Injunction Act does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review." Id. at 139. Plaintiff is required to pursue his statutory and administrative remedies under state law to challenge the tax sale of his property. Id. The *Gass* Court, citing the United States Supreme Court in Rosewell v. La Salle Nat. Bank, 450 U.S. 503, 522 & n. 29, 101 S.Ct. 1221 (1981), stated that "'first and foremost', the [Tax Injunction] Act was designed to prohibit federal judicial interference with local tax collection." Id. at 140. Pennsylvania state courts provide plaintiff with "plain, speedy and efficient" remedies to raise all of his challenges, including the failure to comply with the notice requirements, to the tax sale of his property in Luzerne County. *See Himchak, supra*; Church of the Overcomer v. County of Delaware, 2013 WL 5942378, *2 (E.D.Pa. Nov. 6, 2013) ("[T]he Third Circuit Court of Appeals has held unambiguously that Pennsylvania's state courts provide a 'plain, speedy and efficient' remedy for challenges to a county's assessment of real property taxes." (citing Hill v.

Carpenter, 323 Fed.Appx. 167, 171 (3d Cir. 2009) (quoting Gass v. County of Allegheny, PA., 371 F.3d at 137–38)).

Indeed, plaintiff does not allege that he even attempted to file exceptions or objections in Luzerne County Court regarding the September 20, 2016 tax sale of his property. He does not allege that he attempted to raise any of his instant claims in the state court and was denied the ability to do so. Nor does he allege that the procedures provided by the state court to challenge the tax sale are inadequate or inefficient. While taxpayers are limited to the types of objections they can raise to a tax sale, they are permitted to object regarding "whether the [Tax Claim] Bureau complied with the procedures delineated by the legislature to bring a delinquent tax property to a public sale and the return and confirmation thereof." Appeal of Yardley, 166 Pa.Cmwlth. 596, 646 A.2d 751, 755 (Pa.Commw.Ct. 1994). *See* 72 P.S. §5860.607(d). Thus, plaintiff has not pursued his state court remedies which clearly are available to him and adequate. Consequently, this court lacks subject matter jurisdiction to hear his claims under the TIA.

As stated, plaintiff has the opportunity to request the Luzerne County Court to review the tax sale but he failed to pursue his state court remedies. Regardless, these procedures satisfy the process due in the situation of a tax sale. *See* Reisinger v. Luzerne County, 712 F.Supp.2d 332 (M.D.Pa. 2010), affirmed 439 Fed.Appx. 190 (3d Cir. 2011), (citing Jones v. Flowers, 547 U.S. 220, 241–42, 126 S.Ct. 1708, (2006). As such, plaintiff is required to pursue his statutory and administrative remedies under Pennsylvania law in the state

courts to challenge the listing of his Carson Street property for tax sale in Luzerne County and the subsequent tax sale. *See* Agarwal, 2010 WL 5175021, *14 (citing Gass, 371 F.3d at 139).

## III.   CONCLUSION

In light of the above, the motion for an emergency injunction, (Doc. 2), is **DENIED**. Plaintiff's case is **DISMISSED** for lack of subject matter jurisdiction. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 24, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2042-01.wpd